J. S27012/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA

               v.                  :

                               :

ABEL TINOCO,                    :             No. 3006 EDA 2014

                               :

                  Appellant     :


Appeal from the PCRA Order, October 9, 2014,
in the Court of Common Pleas of Chester County
Criminal Division at Nos. CP-15-CR-0000914-2013,
CP-15-CR-0000924-2013


BEFORE: FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 28, 2016**

Abel Tinoco appeals from the order of October 9, 2014, dismissing his PCRA[1] petition without a hearing. After careful review, we reverse and remand for further proceedings.

On July 18, 2013, appellant entered into a negotiated guilty plea to 3 counts of possession with intent to deliver ("PWID"), and 1 count of dealing in proceeds of unlawful activities. On Count 1, the Commonwealth invoked the 7 to 14-year mandatory minimum sentence and $50,000 fine

---

\* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

pursuant to 18 Pa.C.S.A. § 7508(a)(3)(iii).[2]  The Commonwealth agreed to

waive the mandatory minimum sentences on Counts 2 and 3 in exchange for

---

[2]    **§ 7508.  Drug trafficking sentencing and penalties**

**(a)**    **General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

(3)    A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(iii)    when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

**(b)**    **Proof of sentencing.--**Provisions of this section shall not be an element of the crime.  Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.  The applicability of this section shall be determined at sentencing.  The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

appellant's plea. (Notes of testimony, 7/18/13 at 6.) The plea agreement was for an aggregate sentence of 9 to 18 years' incarceration. (**Id.** at 7.) The trial court accepted appellant's plea and imposed the agreed-upon sentence. (**Id.** at 12-13.)

Appellant filed an untimely **pro se** motion for reconsideration of sentence on December 23, 2013, which was denied on December 30, 2013. On May 12, 2014, appellant filed a timely **pro se** PCRA petition. Counsel was appointed, and filed a petition to withdraw and **Turner**/**Finley** "no merit" letter.[3] Appellant filed an answer to counsel's withdrawal petition on July 31, 2014. On September 8, 2014, the PCRA court issued Rule 907[4] notice of its intention to dismiss the petition without a hearing within 20 days. Appellant filed a response to Rule 907 notice on September 25, 2014. On October 9, 2014, appellant's PCRA petition was dismissed. A timely **pro se** notice of appeal was filed on October 22, 2014. On October 30, 2014, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On November 15, 2014, appellant filed a Rule 1925(b)

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[4] Pa.R.Crim.P. 907.

statement.[5]  On November 17, 2014, appointed counsel was granted leave to withdraw.  On November 25, 2014, the PCRA court filed a Rule 1925(a) opinion, relying on its opinion and order of September 8, 2014.

Appellant has raised the following issues for this court's review:

> I.  Whether the lower court erred in denying relief based on counsel's ineffective assistance in negotiating and recommending a plea agreement with a mandatory minimum sentence for a second conviction where the mandatory sentence did not apply[?]
>
> II.  Whether the lower court erred in denying relief based on counsel's ineffective assistance in negotiating and recommending a plea agreement with a mandatory minimum sentence which was unconstitutional[?]

Appellant's brief at 2.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

---

[5]  Appellant's Rule 1925(b) statement was actually time-stamped and docketed on November 24, 2014.  (Docket #25.)  However, we are mindful of the so-called "prisoner mailbox rule," pursuant to which a document is deemed filed on the date that a prisoner delivers it to prison authorities for mailing.  ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).  Here, the record indicates that appellant's concise statement was mailed on November 15, 2014.

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Id.*** at 882, quoting ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

First, we note that although appellant frames his issues in terms of ineffectiveness of trial counsel, he is really challenging the legality of his sentence. ***See***, ***e.g.***, ***Commonwealth v. Edrington***, 780 A.2d 721, 723 (Pa.Super. 2001), citing ***Commonwealth v. Vasquez***, 744 A.2d 1280 (Pa. 2000) (application of a mandatory sentencing provision implicates the legality of the sentence, not the discretionary aspects of the sentence). Legality of sentencing challenges are non-waivable and present a pure question of law. As such, it is not necessary for appellant to argue trial counsel ineffectiveness in connection with the entry of his guilty plea. ***See*** ***Commonwealth v. Main***, 6 A.3d 1026, 1028 (Pa.Super. 2010) ("[T]he

determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.") (citations omitted); **Commonwealth v. Snavely**, 982 A.2d 1244, 1246 (Pa.Super. 2009) ("Challenges to an illegal sentence cannot be waived and may be reviewed **sua sponte** by this Court.") (citation omitted).

In his first issue on appeal, appellant claims that the mandatory minimum sentence of 7-14 years imposed pursuant to 18 Pa.C.S.A. § 7508(a)(3)(iii) where the aggregate weight of the cocaine is at least 100 grams and the defendant has a prior drug trafficking conviction does not apply because all his convictions were brought in the same indictment. Prior to entering his plea, appellant had no previous convictions for drug trafficking. (Appellant's brief at 6.) Appellant pled guilty to all three counts of PWID at the same time and within the same plea agreement. (**Id.**) Therefore, appellant argues that he did not have a prior drug trafficking conviction at time of sentencing as required by Section 7508(a)(3)(iii).

We need not address this issue, given our disposition of appellant's second issue as discussed **infra**. However, we observe that Section 7508 requires only that the defendant be convicted of another drug trafficking offense at time of sentencing. It does not require that the convictions be sequential. **Commonwealth v. Vasquez**, 753 A.2d 807, 809 (Pa. 2000) (a conviction in a multiple count complaint can be counted as a prior conviction triggering the enhancement provision of 18 Pa.C.S.A. § 7508); **see also**

*Commonwealth v. Williams*, 652 A.2d 283 (Pa. 1994) (rejecting the argument that the mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) applies only if the defendant has a prior drug trafficking conviction at the time he committed the offense).

Next, appellant argues that his sentence is illegal in light of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) (holding that any fact that, by law, increases the penalty for a crime is required to be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt). We agree.

> At the outset, we note that issues pertaining to *Alleyne* go directly to the legality of the sentence. *Commonwealth v. Lawrence*, 99 A.3d 116, 123 (Pa.Super.2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n. 8 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law [.] . . . Our standard of review over such questions is de novo and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

*Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa.Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015).[6]

For the reasons discussed in *Commonwealth v. Fennell*, 105 A.3d 13 (Pa.Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015), and *Cardwell*, *supra*, this court has determined Section 7508 to be facially unconstitutional in its entirety. *See also*, *e.g.*, *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015) (concluding that 42 Pa.C.S.A. § 9712.1, regarding the distance between drugs and guns, must be struck down in its entirety as unconstitutional in light of *Alleyne*, as its subsections are not severable); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015) (by allowing the jury to determine beyond a reasonable doubt the elements of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. §§ 9712 and 9713, the trial court performed an impermissible legislative function, effectively determining that the unconstitutional provisions were severable).

It is important to note that *Alleyne* was decided on June 17, 2013, and appellant was sentenced on July 18, 2013; therefore, retroactivity is not an issue. *See Commonwealth v. Ruiz*, 131 A.3d 54, 59-60 (Pa.Super.

---

[6] We note that our supreme court has granted *allocatur* to determine whether an *Alleyne* violation renders a sentence illegal for issue preservation purposes. *See Commonwealth v. Barnes*, 122 A.3d 1034, 1034-1035 (Pa. 2015) (*per curiam*).

2015) (a defendant can raise an **Alleyne** challenge in a timely PCRA petition so long as his judgment of sentence was not yet final when **Alleyne** was decided on June 17, 2013). **Cf. Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015) (holding that **Alleyne** did not apply retroactively in a PCRA setting, where Riggle's judgment of sentence became final 15 months <u>before</u> the Supreme Court decided **Alleyne** in June of 2013).[7]

In this case, all parties, including the trial court, understood that appellant faced a 7 to 14-year mandatory minimum sentence under Section 7508 for possessing in excess of 100 grams of cocaine with intent to deliver. All parties were under the impression that Section 7508 applied due to the amount of the drugs possessed, which provided the framework for plea negotiations. The appropriate remedy in a case such as this, where the parties have negotiated an illegal sentence, is to return the parties to the

---

[7] Recently, the Pennsylvania Supreme Court decided that **Alleyne** does not apply retroactively to collateral attacks on mandatory minimum sentences advanced in post-conviction relief proceedings. **Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. July 19, 2016) (**Alleyne** was not a groundbreaking, "watershed" rule of criminal procedure that applies retroactively on collateral review); **see Teague v. Lane**, 489 U.S. 288 (1989) (plurality) (a new constitutional rule of criminal procedure does not generally apply to convictions that were final when the new rule was announced). However, this case is distinguishable from **Washington**, which concerned the retroactive application of **Alleyne** to cases where the defendant's judgment of sentence had already become final <u>before</u> **Alleyne** was decided. **See Washington**, 2016 WL 3909088 at *3 ("a new rule of law does not automatically render final, pre-existing sentences illegal"). **Washington** did not consider the unique procedural posture presented in **Ruiz** or the case **sub judice**, where a defendant raises an **Alleyne** challenge in a timely PCRA petition but his judgment of sentence was not yet final at the time **Alleyne** was handed down.

status quo prior to the entry of the guilty plea by vacating the plea.  *See*

*Commonwealth v. Gentry*, 101 A.3d 813, 819 (Pa.Super. 2014) ("Our

cases clearly state that a criminal defendant cannot agree to an illegal

sentence, so the fact that the illegality was a term of his plea bargain is of

no legal significance." (citation omitted)); *Commonwealth v. Melendez-

Negron*, 123 A.3d 1087, 1093-1094 (Pa.Super. 2015) (since in plea

negotiations, "both parties to a negotiated plea agreement are entitled to

receive the benefit of their bargain," "the shared misapprehension that the

mandatory minimum sentence required by § 97[12].1 applied to Melendez-

Negron tainted the parties' negotiations at the outset.  [T]he parties'

negotiations began from an erroneous premise and therefore were

fundamentally skewed from the beginning.").

To reiterate, Section 7508 is unconstitutional in its entirety in light of

*Alleyne*, and any sentence imposed thereunder is illegal and must be

vacated.  As such, we are compelled to reverse the order denying appellant

PCRA relief, vacate the guilty plea, and remand for further proceedings.

Order reversed.  Guilty plea vacated.  Case remanded.  Jurisdiction

relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016